```
                                        U.S. DISTRICT COURT
                                      NORTHERN DISTRICT OF TEXAS
                                              FILED

          IN THE UNITED STATES DISTRICT COURT      MAR - 1 2004
        FOR THE NORTHERN DISTRICT OF TEXAS
                  DALLAS DIVISION
                                              CLERK, U.S. DISTRICT COURT
                                              By _____
                                                      Deputy
```

*ORIGINAL*

FIROOZEH H. BUTLER,                    *
                                       *
          Plaintiff,                   *
                                       *
v.                                     *        Civil No. 3: 02-CV-1715-H
                                       *
MBNA TECHNOLOGY, INC.,                 *
                                       *
          Defendant.                   *


## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion for Costs and Attorney Fees, filed

January 15, 2004; Plaintiff and Counsel's Response, filed January 30, 2004; and Defendant's

Reply, filed February 13, 2004. Defendant seeks costs and reasonable attorney fees pursuant to

Federal Rule of Civil Procedure 54, 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, and 28 U.S.C. §

1927. Upon review of the pleadings, briefs, and relevant authorities, the Court is of the Opinion

for the reasons stated below that Defendant's Motion for Costs and Attorney Fees should be

**GRANTED** in part and **DENIED** in part.

## I.   BACKGROUND

Plaintiff Firoozeh H. Butler ("Butler"), a woman of Iranian descent and a

practicing Muslim, began working for Defendant MBNA Technologies, Inc. ("MBNA"), in 1993

as a Senior Programmer Analyst. (Compl. at 3). In August 2002, Plaintiff filed a complaint against

MBNA, listing nine causes of action for employment discrimination pursuant to both federal and

state law: 1) hostile working environment; 2) negligent supervision; 3) negligent hiring and

retention; 4) intentional infliction of emotional harm; 5) racial, religious, and national origin discrimination; 6) disparate treatment; 7) disparate impact; 8) discrimination in violation of § 1981; and 9) "racially disparate impact in violation of Title VII." (Compl. at 5-14). Defendant moved for summary judgment in September 2003. After the Court's ruling on Defendant's motion for summary judgment, two claims remained before the Court--one for hostile work environment and one for retaliation, pursuant to both Title VII, 42 U.S.C § 2000e, *et seq.*, and 42 U.S.C. § 1981. (*See* Memorandum Opinion and Order, entered October 31, 2003).

The case was tried before a jury from December 9 -15, 2003 on the two remaining issues. The Court dismissed Plaintiff's § 1981 claims for failure to state a claim on December 12, 2003, and granted Defendant's Motion for Judgment as a Matter of Law pursuant to Rule 50 on December 15, 2003 as to both Plaintiff's hostile work environment claim and Plaintiff's retaliation claim premised on poor performance evaluations. The only claim to go to the jury was Plaintiff's retaliation claim premised on her reclassification. On December 15, 2003, the jury returned a verdict in favor of Defendant, finding that Plaintiff's reclassification was not an ultimate employment decision, as required by Title VII.

Defendant filed its Motion for Costs and Attorney Fees on January 15, 2004, within the time allowed by the Court. (*See* Order, entered December 15, 2003). Defendant seeks court costs for court reporters' fees, fees and disbursements for printing and witnesses, filing fees of the clerks, and fees for exemplification and photocopies. (*See* Def's Br. at 2). Defendant seeks attorney fees for work done from the time after discovery closed through the end of December 2003. (*See* Def.'s Br. at 19). Defendant seeks a total of $13,916.30 in court costs, and a total of $268,860.15 in attorney fees. Defendant requests that $252,326.55 of the requested attorney fees

2

be assessed directly against Plaintiff's counsel pursuant to 28 U.S.C. §1927.

Plaintiff and her counsel object to Defendant's calculation of costs as unreasonable and oppose any assessment of attorney fees against either Plaintiff or her counsel.

## II.    COSTS

Defendant seeks a total of $13,916.30 in costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Specifically, Defendant seeks costs for court reporters' fees for stenographic transcripts, fees and disbursements for printing and witnesses, filing fees of the clerk, and fees for exemplification and photocopies. (Def.'s Mot. at 2).

### A.    Court Reporters' Fees for Stenographic Transcripts

Defendant seeks $8,237.94 in costs for copies from the court reporter of nine depositions Defendant claims it used for trial preparation. (Def.'s Mot. at 3). Plaintiff objects that Defendant should not be allowed the costs of eight of the depositions because the witnesses were all employees of Defendant and not necessary for trial. (Pl.'s Mot. at 16). Alternatively, Plaintiff objects that the costs for the depositions was increased because Defendant ordered them expedited. (Pl.'s Mot. at 17).

The Fifth Circuit allows prevailing parties to recover the costs of original depositions and copies "provided they were necessarily obtained for use in the case." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). A deposition need not be used in a trial to qualify; the cost of a deposition can be recovered if it was reasonably expected to be used for trial preparation. *Id.* The Court finds in the instant case that all of the depositions could have been reasonably expected to be used in trial preparation. Plaintiff's argument that Defendant did not need the depositions because eight of the witnesses were also employees is not persuasive.

3

The extra cost of obtaining a trial transcript on "an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *Id*. at 286. It is the district court's duty to determine whether obtaining a transcript on an expedited basis is necessary or whether it was incurred merely for the convenience of one party's counsel. *See id.* In the instant case, the Court finds that Defendant's reasons for obtaining the deposition transcripts on an expedited schedule-- the delay of Plaintiff's counsel in noticing and taking the depositions--is reasonable and expedited service was necessary. (*See* Def.'s Reply at 9). Therefore, the Court GRANTS Defendant's costs of $8,237.94 for court reporters' fees.

### B.  Photocopies of Deposition Transcripts

Defendant seeks $242.25 for costs of photocopies of deposition transcripts. (Def.'s Mot. at 3-4). Plaintiff objects that copying costs of $0.15 per page is inflated and that Defendant should only be awarded $0.08 per page or less. (Pl.'s Mot. at 18). The standard for awarding costs of reproduction is the same as the standard for awarding costs for depositions. *See Fogelman*, 920 F.2d at 285. Copies must have been necessarily obtained for use in the trial or in pretrial preparation. *Id*. The Court finds that the copies for which Defendant claims costs were necessarily obtained for use in the trial. The Court also finds that a cost of $0.15 per page is reasonable. The Court GRANTS Defendant's costs of $242.25 for photocopies of deposition transcripts.

### C.  Witness Fees Related to Trial

Defendant seeks $1,623.95 in costs for the travel expenses of William Christie, a Vice President at MBNA and a witness in the suit. (Def.'s Mot. at 4). Plaintiff asks that she not be

4

taxed this costs due to her financial hardship. (Pl.'s Mot. at 18). However, Plaintiff has not

submitted any evidence of her financial hardship, making it impossible for the Court to consider

her financial situation.[1] The Court GRANTS Defendant's cost of $1,623.95 for the travel

expenses of William Christie.

### D.    Filing Fees

Defendant seeks $75.00 in filing fees it incurred to file applications for admission

pro hac vice for attorneys Eric Holder, Thomas Williamson, and Chad Tang. (Def.'s Mot. at 4).

Plaintiff again objects that due to financial hardship she not be taxed these costs. (Pl.'s Mot. at

18). Because Plaintiff has failed to submit any evidence of her financial hardship, the Court refuses

to consider her financial situation. The Court GRANTS Defendant's costs of $75.00 for filing

three applications for admission pro hac vice.

### E.    Exemplification and Photocopies

Defendant seeks $1,779.75 for one set of photocopies and $1,975.41 for the cost

of renting an "Elmo" projection machine. (Def.'s Mot. at 4-5). Plaintiff objects only to the cost for

the one set of photocopies. (Pl.'s Mot. at 18-19). Plaintiff objects both that the set of photocopies

---

[1]The Court allowed Plaintiff's counsel, the law firm of Gary, Williams, Parenti, Finney, Lewis, Watson, and Sperando (the "Gary firm"), of Stuart, Florida, and Plaintiff's local counsel, the law firm of White & Wiggins, L.L.P., of Dallas, Texas, to withdraw from representing Plaintiff after the Response to the instant motion was filed. *See* Order, entered February 6, 2004. Plaintiff, proceeding *pro se*, filed "Plaintiff's Reply and Brief in Opposition to Defendant's Motion for Cost and Attorney Fees and Tax" ("Reply"), on February 25, 2004, almost one month after the deadline for responses set by the Court in its Order ("briefing Order"), entered January 16, 2004. The Court notes that Plaintiff personally received a copy of the Court's briefing Order. Because Plaintiff did not comply with the deadlines established in the briefing Order, and because Plaintiff did not request leave of Court to file out of time, the Court will not consider Plaintiff's "Reply." Additionally, the Court notes Plaintiff attempts to assert arguments in her Reply over which the Court no longer has jurisdiction, a fact of which the Court has informed Plaintiff.

was unnecessary because Plaintiff provided Defendant with one set of her document production

and that $0.15 per page is too high. (Pl.'s Mot. at 19). The Court finds that one set of photocopies

of exhibits, pleadings, and document production is necessarily obtained for use at trial in the

instant case. Defendants did not include in that cost any of the "multitude of papers that may pass

through a law firm's xerox machines," but rather just those papers that a reasonable attorney may

expect to need during trial. *Fogelman*, 920 F.2d at 286. As explained above, the Court finds

$0.15 per page a reasonable copying cost. The Court GRANTS Defendant's costs of $1,779.75

for photocopying one set of documents. Because Plaintiff does not object to the cost of the

"Elmo" projection machine, the Court GRANTS Defendant's cost of $1,975.41 for the rent of the

machine.

## III.    ATTORNEY FEE AWARD STANDARD

"[A] district court may in its discretion award attorney's fees to a prevailing

defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable,

or without foundation, even though not brought in subjective bad faith," or "that the plaintiff

continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S.

412, 421 (1978). A court may not conclude that a plaintiff's claim was frivolous, unreasonable or

without foundation, simply because the plaintiff ultimately does not prevail on her claim. *Id*. A

Court must "resist the understandable temptation to engage in *post hoc* reasoning." *Id*. A claim is

considered frivolous where there is no evidence to support the claim. *See Harris v. Plastics

Manufacturing Co.*, 617 F.2d 438, 440 (1980).

Attorney fees may also be awarded to a prevailing defendant in a § 1981 case

pursuant to 42 U.S.C. § 1988. The standard for awarding attorney fees to a prevailing defendant

pursuant to 42 U.S.C. § 1988 is the same for awarding fees to a prevailing defendant pursuant to Title VII. *See Trevino v. Holly Sugar Corp.*, 811 F.2d 896, 907 (5th Cir. 1987). *See e.g., Alizadeh v. Safeway Stores, Inc.*, 910 F.2d 234 (5th Cir. 1990).

## IV.   ATTORNEY FEES ANALYSIS

Defendant argues that an award of attorney fees is appropriate because Defendant prevailed on all claims and because Plaintiff's claims were frivolous, unreasonable, or without foundation. (*See* Def.'s Br. at 8). Defendant does not ask for fees incurred to defend against Plaintiff's retaliation claim premised on her reclassification. (*See id.*).

### A.   Plaintiff's § 1981 Claim

First, Defendant argues that Plaintiff's § 1981 claim was without foundation because Plaintiff never attempted to rebut Defendant's argument in her response to Defendant's motion for summary judgment. (Def.'s Br. at 9). Defendant also filed a trial brief on the issue, to which Plaintiff did respond. (*Id.*). Defendant argues that the brief Plaintiff filed in response was merely a "desperate attempt" to "manufacture factual grounds to support her § 1981 claim," and did not give Plaintiff's claim foundation. (*Id.* at 9-10). The Court agrees.

The Court dismissed Plaintiff's § 1981 claim because it found that Plaintiff had only framed her claim as one for national origin discrimination, not racial discrimination as required by § 1981. *See Hadad v. American Airlines, Inc.*, 3:00-CV-41-D, 2003 WL 292170, *2 (N.D.Tex. February 7, 2003). Nowhere in Plaintiff's pre-trial pleadings did Plaintiff attempt to frame her claim as one for racial, as opposed to national origin, discrimination. Plaintiff's bare assertions that Plaintiff was discriminated against because of her "race" as an Iranian do not meet the requirements of § 1981.

Additionally, Plaintiff's trial brief on the § 1981 issue was without foundation and filed in bad faith.[2] Plaintiff asserted in her trial brief that Plaintiff was of "Arab ethnicity," despite the fact that nothing in the record, and no witness or other person during the trial, ever referred to Plaintiff as an Arab. In fact, in her EEOC questionnaire, Plaintiff specifically referred to herself as Persian, which is a different ethnicity from Arab. The Court finds that Plaintiff's arguments were not good faith attempts either to argue her case under existing law or to expand the law. Because Plaintiff's § 1981 claim was without foundation, and because her trial brief on the § 1981 claim was filed in bad faith, the Court GRANTS Defendant's attorney fees incurred in defending against Plaintiff's § 1981 claim.

**B.      Plaintiff's Disparate Impact, Failure to Promote, and State Law Claims**

Second, Defendant argues that Plaintiff's disparate impact, failure to promote, and state law claims were without foundation because Plaintiff stipulated to their dismissal after Defendant filed its motion for summary judgment. (Def.'s Br. at 11). Defendant contends that Plaintiff dismissed because she could not offer any evidence in support. (*Id.*).

Defendant asserts, also, that Plaintiff's state law claims for negligence were baseless because they were preempted by the Texas Workers' Compensation Act. (*Id.* at 12). Not only is this well established under Texas law, but Plaintiff should have known this, Defendant argues, because the same claims were litigated by counsel in *Johnson v. MBNA*, No. 3:02-CV-177-K, and dismissed by Judge Kinkeade on June 26, 2003. (*Id.*). Plaintiff argues that Judge Kinkeade's decision was not entered until almost a year after Plaintiff filed her complaint in the

---

[2]American common law allows a court to award attorney fees against a party who acts in bad faith. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978).

instant case. Plaintiff also argues that she stipulated to the dismissal of these claims in her response to the motion for summary judgment and that Defendant is therefore not entitled to fees. (Pl.'s Br. at 6).

"[A] defendant is not a prevailing party within the meaning of § 1988 [or Title VII] when a civil rights plaintiff voluntarily dismisses his claim, unless the defendant can demonstrate that the plaintiff withdrew to avoid a disfavorable judgment on the merits." *Dean v. Riser*, 240 F.3d 505, 511 (5th Cir. 2001). In cases where the plaintiff withdraws her case, or some of her claims, the court must first determine if the plaintiff dismissed to avoid a ruling on the merits; only after the court has determined that the plaintiff did dismiss to avoid a ruling on the merits does the court decide if the plaintiff's case, or claims, were frivolous, groundless, or without merit. *Id.*

In the instant case, Plaintiff dismissed her claims only after Defendant filed a motion for summary judgment. The Court finds that Plaintiff did dismiss her claims to avoid a ruling on the merits. If Plaintiff had indeed dismissed these claims merely because no evidence to support them was found during discovery, Plaintiff could have done so earlier, either by asking Defendants to agree to a stipulation of dismissal, or by amending her complaint with leave of court. Plaintiff did neither, but rather waited until Defendant filed its motion for summary judgment. Although neither Plaintiff nor the Court specified, the dismissal of these claims by Plaintiff was with prejudice, because Plaintiff could not have brought these claims at a later date. Because the Court has decided that Plaintiff dismissed to avoid a judgment on the merits, the Court must then ask if the claims were frivolous, unreasonable, or without foundation.

The Court finds that Plaintiff could never have asserted a claim for failure to promote. Plaintiff did not complain to the EEOC in her amended Charge of Discrimination filed

9

February 6, 2002, of any incident that could form the basis for a failure to promote claim. Plaintiff's counsel, therefore, had no basis to bring the failure to promote claim and should have known it was without foundation before discovery ended. *See Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995). The Court, mindful of the "delicate balance . . . between encouraging the policy of private plaintiffs effecting the vigorous vindication of civil rights and protecting civil rights defendants from the burdens of frivolous lawsuits," finds that in the instant case, Plaintiff's counsel had a duty, before filing the complaint, to investigate what claims Plaintiff could potentially state and to draft the complaint to include only those claims Plaintiff alleged in her EEOC charge. Plaintiff's counsel's failure to reasonably investigate Plaintiff's claims before drafting her complaint caused Defendant to expend time defending these groundless claims. It is precisely this type of situation for which the award of attorney fees to a prevailing defendant is warranted. The Court GRANTS Defendant's attorney fees incurred for filing its motion for summary judgment on the failure to promote claim.

Similarly, it is well settled that the Texas Workers' Compensation Act preempts claims for negligence when the employee also brings claims pursuant to Title VII. *See Ward v. Bechtel Corp.*, 102 F.3d 199, 201 (5th Cir. 1997). *See also* TEX. LAB. CODE ANN. § 408.001 (Vernon 2003). Plaintiff's state law negligence claims, therefore, were without foundation. The Court GRANTS Defendant's attorney fees incurred for filing its motion for summary judgment on the state law negligence claims.

The Court also finds that Plaintiff's disparate impact claim was without foundation. The charge of discrimination Plaintiff filed with the EEOC did not contain allegations from which a disparate impact claim could be expected to grow. *See Dollis*, 77 F.3d at 781. Therefore,

10

Plaintiff failed to exhaust her administrative remedies as to this claim and could not subsequently bring it in the instant action. *See id.* Plaintiff, therefore, had no reason to include it in her complaint. The Court finds that it was without foundation. The Court GRANTS Defendant's attorney fees incurred for filing its motion for summary judgment on the disparate impact claim.

### C.   Plaintiff's Hostile Work Environment Claim

Third, Defendant argues that Plaintiff's hostile work environment claim was without foundation because Plaintiff offered no legally sufficient evidence to support her claim. Defendant cites as evidence the fact that the Court granted Defendant's Rule 50 motion for judgment as a matter of law at the close of evidence. (Def.'s Br. at 13). The Court does not agree that Plaintiff's hostile work environment claim was without foundation. It appeared to the Court when ruling on Defendant's motion for summary judgment that Plaintiff arguably raised issues of fact sufficient to defeat summary judgment. After the close of evidence, the Court found that there was not sufficient evidence to go to the jury. However, the Court did not conclude that the claim was frivolous. The Court DENIES Defendant's attorney fees incurred in defending, either in its motion for summary judgment or at trial, Plaintiff's hostile work environment claim.

### D.   Plaintiff's Discriminatory Compensation Claim

Fourth, Defendant argues that Plaintiff's discriminatory compensation claim was frivolous, unreasonable, or without foundation because Plaintiff offered no evidence to support her claim. Defendant cites as evidence the fact that the Court granted Defendant's motion for summary judgment on this claim. (Def.'s Br. at 13-14). The Court agrees. In its Memorandum Opinion and Order, the Court found that Plaintiff offered no evidence on either of her discriminatory compensation claims. (*See* Memorandum Opinion and Order, entered October 31,

2003). Additionally, Plaintiff continued to litigate this claim not only in response to Defendant's motion for summary judgment, but also going so far as to argue the claim at trial. The Court GRANTS Defendant's attorney fees incurred defending against Plaintiff's discriminatory compensation claim.

###    E.    Amount of Attorney Fees

Defendant asks for a total of $268,860.15 in attorney fees. (Def.'s Br. at 20). "To calculate attorneys' fees, a court must first 'calculate a lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.'" *Green v. Administrators of the Tulane Education Fund*, 284 F.3d 642, 661 (5th Cir. 2002). The court then determines whether the lodestar amount needs to be adjusted upward or downward based on twelve factors (the *"Johnson* factors"): "1) the time and labor required to litigate the matter; 2) the novelty and complicatedness of the issues; 3) the skill required to properly litigate the issues; 4) whether the attorney had to refuse other work to litigate the case; 5) the attorney's customary fee; 6) whether the fee is fixed or contingent; 7) whether the client or case imposed time constraints; 8) the amount involved and results obtained; 9) the experience, reputation, and ability of the attorney; 10) whether the case was 'undesireable'; 11) the type of attorney-client relationship and whether the relationship was long-standing; and 12) awards made in similar cases."[3] *Id.* (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The court need not reconsider any of the twelve factors that are subsumed in the lodestar. *See id.*.

---

[3]The Supreme Court has barred any use of the sixth factor. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The Court has also held that the second, third, seventh, eighth and ninth factors cannot serve as independent bases for increasing the basic fee award. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

When determining the lodestar, the defendant must show that it exercised billing judgment. *See id.* at 662. Billing judgment usually requires the defendant to show that unproductive, excessive, or redundant hours were written off. *Id.* If the Court finds that billing judgment was not exercised, the Court may reduce the hours claimed by a percentage. *Id.*

In the instant case, Defendant claimed a total of 812.3 hours for which it seeks fees. (Def.'s Br. at 20). However, the Court only awarded fees for 1) Plaintiff's § 1981 claim, 2) Plaintiff's failure to promote claim, 3) Plaintiff's state law negligence claim, 4) Plaintiff's disparate impact claim, and 5) Plaintiff's discriminatory compensation claim. The Court denied attorney fees incurred defending against Plaintiff's hostile work environment claim. The hours for which Defendant claims attorney fees should therefore be reduced.

Defendant seeks compensation at the following hourly rates: "1) $355 for Eric Holder; 2) $355 for Thomas Williamson; 4) $340-355 for David Ellis; and 4) $261-297 for Chad Tang."[4] (Def.'s Br. at 18-19). Defendant submitted affidavits in support of these rates. Reasonable hourly rates are determined by looking to the prevailing market rates in the relevant legal community." *Green*, 283 F.3d at 662. Plaintiff and her counsel argue that the hourly rate claimed by Defendants is "highly suspect." (Pl.'s Br. at 14). The burden, however, is on Plaintiff and her counsel to show that a lower billing rate should be used for Defendant's counsel when the rate sought is shown to be within the range of market rates for attorneys of similar skill and experience. *See Millennium Restaurants Group, Inc. v. Dallas*, No. 3:01-CV-0857-G, 2002 WL

---

[4]Defendant significantly reduced the rates claimed for attorneys Eric Holder and Thomas Williamson from the rate that was actually charged to Defendant MBNA to reflect the customary billing rates in the Dallas Division of the Northern District of Texas. (*See* Def.'s Br. at 18-19, n.18, 19).

13

1042117, *3 (N.D.Tex. May, 21, 2002). Plaintiff's argument that the rate is "highly suspect" does not serve to carry her burden.

       In the instant case, the Court finds that the rates sought are within the range of market rates for attorneys in the Dallas Division of the Northern District of Texas. Additionally, the Court determines, based on its familiarity with fees sought and allowed by courts in the Dallas Division for attorneys with similar experience and skill level, that the fees sought by Defendant are quite reasonable. Therefore, the Court will use the rates proposed by Defendant to calculate the lodestar.

       Because the Court has determined that Defendant is entitled to fees for 1) Plaintiff's § 1981 claim, 2) Plaintiff's failure to promote claim, 3) Plaintiff's state law negligence claim, 4) Plaintiff's disparate impact claim, and 5) Plaintiff's discriminatory compensation claim, Defendants are **DIRECTED** to file new affidavits supported by time records detailing the hours spent on these issues no later than **noon, March 19, 2004.** Defendant's counsel should review their daily billing records and subtract the portion of the hours allocable to the claims for which the Court did not award fees. If Defendant's counsel cannot distinguish between hours spent on work for which the Court has awarded fees and hours spent on work for which fees were not awarded, Defendant should provide an explanation for why it is not possible to distinguish and should furnish the Court with supporting authority. Plaintiff's counsel should file a **RESPONSE** to Defendant's affidavits and billing records no later than **noon, March 29, 2004.** No Reply may be filed unless directed by the Court. The Court will then evaluate these figures and determine if proper billing judgment was exercised to calculate the lodestar amount. The Court will also address any arguments using the twelve *Johnson* factors after it has calculated the lodestar.

**F.      Assessing Attorney Fees against Counsel for Plaintiff, 28 U.S.C. § 1927**

Defendant argues that at least a portion of any attorney fees assessed in the instant

case should be assessed against Plaintiff's counsel, and not Plaintiff herself, pursuant to 28

U.S.C.§ 1927. (Def.'s Br. at 20). Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United
> States or any Territory thereof who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court to satisfy personally the
> excess costs, expenses, and attorneys' fees reasonably incurred because of such
> conduct.

28 U.S.C. § 1927. The district court must determine that the sanctioned attorney multiplied the

proceedings both "unreasonably" and "vexatiously," and show "evidence of bad faith, improper

motive, or reckless disregard of the duty owed to the court." *Proctor & Gamble Co. v. Amway*

*Corp.*, 280 F.3d 519, 525 (5th Cir. 2002).

In the instant case, the Court has found that awarding Defendant's attorney fees is

warranted pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, *Christiansburg Garment Co. v.*

*EEOC*, 434 U.S. 412, 421 (1978), or common law. The Court has granted Defendant's attorney

fees incurred for the hours spent defending Plaintiff's § 1981, failure to promote, state law

negligence, disparate impact, and discriminatory compensation claims. Defendant cites, as an

example of Plaintiff's counsel's unreasonable and vexatious conduct which multiplied the fees in

this case, Plaintiff's counsel's conduct relating to the trial exhibit list. The Court finds that the

account described in Defendant's instant Motion, *see* Def.'s Mot. at 14-17, is credible. The Court

finds that it was Plaintiff's counsel's conduct that caused the Court to order the parties to file

additional exhibit lists, and Plaintiff's counsel's conduct that caused the Court to hold an additional

pretrial conference where the exhibits were addressed. Plaintiff's counsel's conduct not only

15

created additional, unnecessary work for Defendant's counsel, but also caused the Court to spend numerous hours examining exhibits and resolving objections--all needlessly.

Although the only behavior of Plaintiff's counsel explicitly addressed by Defendant in its motion is that related to the trial exhibits, the Court notes that Plaintiff's counsel repeatedly asked the Court for extensions to file motions. Even the response to the instant motion was accompanied by a motion requesting leave to file out of time. *See* Plaintiff's Motion for Leave to File Plaintiff's Brief in Opposition to Defendant's Motion for Costs and Sanction, filed January 30, 2004. Additionally, Plaintiff's counsel asked the Court for leave to amend its witness list after the initial lists were filed. The Court finds that Plaintiff's counsel's conduct in this case was unreasonable and vexatious and at the least a reckless disregard of the duty they owed the Court. The Court GRANTS Defendant's motion pursuant to 28 U.S.C. § 1927 that attorney fees be assessed against Plaintiff's counsel, and not against Plaintiff personally. The Court ORDERS the law firm of Gary, Williams, Parenti, Finney, Lewis, Watson, and Sperando of Stuart, Florida, to pay Defendant's attorney fees.[5] The amount will be determined by subsequent order, *see* Section IV. E.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion for Costs and Attorney Fees is **GRANTED** as to Defendant's Costs. Defendant is **AWARDED** costs in the amount of $13,916.30.

---

[5]The Court assesses fees only against the law firm of Gary, Williams, Parenti, Finney, Lewis, Watson, and Sperando (the "Gary firm"), of Stuart, Florida, and not against the law firm of White & Wiggins, L.L.P., of Dallas, Texas. The Court finds the unreasonable and vexatious behavior described above to be only that of the Gary firm and not that of Plaintiff's local counsel.

Defendant's Motion for Attorney Fees is **GRANTED** in part and Defendant is

**AWARDED** attorney fees for 1) Plaintiff's § 1981 claim, 2) Plaintiff's failure to promote claim, 3)

Plaintiff's state law negligence claim, 4) Plaintiff's disparate impact claim, and 5) Plaintiff's

discriminatory compensation claim. Defendant is **DIRECTED** to file new affidavits supported by

time records detailing the hours spent on these issues no later than **noon, March 19, 2004.**

Defendant's counsel should review their daily billing records and subtract the portion of the hours

allocable to the claims for which the Court did not award fees. If Defendant's counsel cannot

distinguish between hours spent on work for which the Court has awarded fees and hours spent

on work for which fees were not awarded, Defendant should provide an explanation for why it is

not possible to distinguish and should furnish the Court with supporting authority. Plaintiff's

counsel should file a **RESPONSE** to Defendant's affidavits and billing records no later than **noon,**

**March 29, 2004.** No Reply may be filed unless later directed by the Court.

Any attorney fees awarded will be assessed against Plaintiff's counsel, the law firm

of Gary, Williams, Parenti, Finney, Lewis, Watson & Sperando of Stuart, Florida, pursuant to 28

U.S.C. § 1927. Plaintiff, now proceeding *pro se*, may not file any response.

Defendant's Motion for Costs and Attorney Fees is **GRANTED** to the extent

specified above.

SO ORDERED.

DATED:  March  / 5t ,2004.

BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

17