

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIROOZEH H. BUTLER, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:02-CV-1715-H |
| | § | |
| v. | § | |
| | § | |
| MBNA TECHNOLOGY, INC. | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S SUPPLEMENTAL FEE DECLARATION IN SUPPORT OF ITS MOTION FOR COSTS AND ATTORNEYS' FEES

Pursuant to the Court's Order, dated March 1, 2004, Defendant MBNA Technology, Inc. ("MBNA"), submits the attached supplemental fee declarations.

### Introduction

The Court's Order held that Defendant "is AWARDED attorney fees for 1) Plaintiff's § 1981 claim, 2) Plaintiff's failure to promote claim, 3) Plaintiff's state law negligence claim, 4) Plaintiff's disparate impact claim, and 5) Plaintiff's discriminatory compensation claim," and that Plaintiff's Florida counsel is required to pay Defendant's attorneys' fees.[1] Order, at 16-17. The Court granted MBNA's requests for fees under 28 U.S.C. § 1927, finding that "Plaintiff's counsel's conduct in this case was unreasonable and vexatious and at least a reckless disregard of the duty they owed the Court." Order, at 15-16. In addition, the Court stated that fees were awarded pursuant to "42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, *Christiansburg Garment Co. v. EEOC*, 424 U.S. 412, 421 (1978), or common law." Order, at 15.

---

[1] The Court's Order indicated that neither Plaintiff's Dallas counsel, White & Wiggins, nor Plaintiff herself would be responsible for the attorneys' fees. See Order, at 16 & n.5. The Court ordered Plaintiff, Firoozeh Butler, to pay MBNA's costs of $13,916.30. See Order, at 3-6.

DC: 1253911-5

007458 00058:832630.02

This submission addresses the following issues. First, MBNA explains the deduction it has made in its fee request based on the Court's direction to subtract time that was spent on Plaintiff's hostile-work-environment claim. Second, MBNA rebuts Plaintiff's arguments seeking to reduce the lodestar applicable to the fees for MBNA's counsel. Third, MBNA provides specific figures in support of its earlier request for the award of attorneys' fees for the time spent preparing and submitting its motion for costs and fees.

## I. Summary of Requested Fees

MBNA's request does not include fees related to two claims: (1) retaliatory reclassification and (2) hostile work environment. In MBNA's motion filed on January 15, 2004, MBNA had previously reduced the number of hours for which it seeks fees by the allocable time (160.1 hours) spent on Plaintiff's retaliatory reclassification claim; thus, MBNA did not seek fees for litigating the retaliatory reclassification claim. The Court's Order indicated that MBNA should further reduce the number of hours for which it sought fees, which was 812.3 hours, by the amount of time spent on Plaintiff's hostile work environment claim, which is the only claim for which the Court denied fees. See id. at 13. In accordance with the Court's Order, MBNA has again reviewed its daily billing records and subtracted the number of hours allocable to litigation of Plaintiff's hostile work environment claim. See Order, at 17 ("Defendant's counsel should review their daily billing records and subtract the portion of the hours allocable to the claims for which the Court did not award fees.").

MBNA has determined that it spent 99.10 hours on the hostile work environment claim. Accordingly, MBNA seeks fees for 713.2 hours of work (i.e., 812.3 hours minus 99.10 hours) related to the litigation of the merits of Plaintiff's claims for which the Court awarded fees. See Exhibit ("Ex.") 1 (APP. 1). MBNA has multiplied the number of hours by the hourly rates that the Court has already found reasonable. See id. at 14 ("Therefore, the Court will use the rates

007458.00058:832630.02

proposed by Defendant to calculate the lodestar."). As a result, MBNA seeks fees, excluding the fees for filing its motion for costs and fees discussed below, in the amount of **$236,218.65**. See Ex. 1 (APP. 1); Ex. 3 (Attorney Fee Declaration of Thomas S. Williamson, Jr.) (APP. 3-42); Ex. 4 (Attorney Fee Declaration of Chad Tang) (APP. 43); Ex. 5 (Attorney Fee Declaration of David M. Ellis) (APP. 44); Ex. 6 (Attorney Fee Declaration of Eric H. Holder, Jr.) (APP. 45).

## II.     Lodestar Factors

MBNA's position is that the lodestar factors have been appropriately applied, and that the Plaintiff's efforts to reduce the lodestar are not supported by the law or the facts.[2]

The lodestar is "presumptively reasonable and should be modified only in exceptional cases." Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) (citing City of Burlington v. Dague, 505 U.S. 557 (1992)). Since Plaintiff is seeking a reduction in the lodestar amount, Plaintiff bears the burden of establishing that a reduction is justified.[3] The factors in determining whether an adjustment is appropriate include the following: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill required to properly perform the legal services, (4) the preclusion of other employment by the attorney, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the

---

[2] MBNA has previously set forth its position in the lodestar factors in MBNA's original Motion for Costs and Attorneys' Fees. Plaintiff's Opposition has also addressed the factors she believes are relevant. See Pl's Opp'n at 15.

[3] See United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989).

007458.00058:832630.02

professional relationship with the client, and (12) awards in similar cases. See Watkins, 7 F.3d at 457 n.4 (citing Johnson v. Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974)).

The relevant Johnson factors clearly support the lodestar fee. Regarding the amount involved, Plaintiff sought $120 million in this lawsuit, and the potential recovery could have been large. The degree of the party's success supports the lodestar fee because MBNA prevailed on every issue. With respect to the experience, reputation, and ability of the attorneys, Mr. Holder, Mr. Williamson, and Mr. Ellis have many years of experience and have eminent reputations in their respective legal communities. MBNA's counsel also demonstrated exemplary competence throughout this litigation.

None of the Johnson factors warrants a decrease in the lodestar figure. The "paramount factor relevant to lodestar reduction" is "the degree of the [party's] success." Young v. Frankel Family Trust, No. Civ. 300CV1698-H, 2001 WL 1076130, at *3 (N.D. Tex. Sept. 10, 2001) (Sanders, J.). Here, Plaintiff cannot dispute that MBNA prevailed on every claim. The Fifth Circuit has stated that a "victory [that] was complete on all issues" actually warrants an **increase**, not a decrease, in the lodestar amount. See Shipes v. Trinity Indus., 987 F.2d 311, 322 (5th Cir. 1993).

Plaintiff's opposition offered conclusory assertions that several factors warrant a downward adjustment.[4] Yet, Plaintiff has failed to cite any relevant authority to show that the nature of her case, which involved nine separate counts under several different statutes, is so simplistically "exceptional" to allow for a downward adjustment. Plaintiff cites Nelson v. Sisters

---

[4] Plaintiff claimed that no time constraints were imposed on MBNA's counsel, but that factor is already subsumed in the number of hours reasonably expended on the case. See Walker v. U.S. Dep't of Housing and Urban Dev., 99 F.3d 761, 772 (5th Cir. 1996).

4

of Charity of the Incarnate Word, 967 F. Supp. 929 (S.D. Tex. 1997), to support her argument that a lodestar reduction is appropriate because the case did not involve "difficult or novel" issues of law or "extraordinary skills." Pl's Opp'n at 15. In Nelson, the court reduced the award for plaintiff's counsel primarily because of the relative lack of success on the merits in which the plaintiff recovered only $401. See Nelson, 967 F. Supp. at 931-32. In addition, Nelson only involved a Title VII claim; the § 1981 claim has been eliminated from the plaintiff's amended complaint. See id. at 930. However, in contrast to Nelson, Plaintiff's case involved § 1981 claims, pattern and practice claims, and state law claims **in addition** to the Title VII claims.

Plaintiff's opposition also contends that, because her case was relatively simple, MBNA did not need the participation of four attorneys. Plaintiff's argument is seriously undermined by the fact that Plaintiff's case was staffed by eight attorneys who were admitted for the case,[5] a ninth attorney (Ginger Cartwright) who took several depositions, and a tenth attorney (Laura Mall) who participated in the case until just before the close of discovery. At trial, Plaintiff utilized four attorneys and a paralegal.

### III.   Fees Requested for the Filing of Its Motion

MBNA also sought fees for the expenses spent on its motion for costs and fees. See MBNA's Mot. at Ex. 4. The Fifth Circuit has held that such fees may be awarded. See Johnson v. Mississippi, 606 F.2d 635, 638 (5th Cir. 1979) ("We conclude that attorney's fees may be awarded for time spent litigating the fee claim.") (relying on precedent from the First, Second, Third, Sixth, Seventh, and D.C. Circuits); see also Arnold v. Babbitt, No. Civ. A.3:96-CV-3077, 2000 WL 354395, at *9 (N.D. Tex. Apr. 6, 2000). MBNA's supplemental declarations include

---

[5]   Sekou Gary, Arnold Gaines, Debra Nolan, James Montalvo, Kevin Wiggins, Marka Fleming, Paul McMahon, and Tracey Wallace. See Court Docket.

the time spent drafting MBNA's motion, which information was not available at the time MBNA filed its motion in January 2004.[6] MBNA seeks a total of **$28,986.42** for the expenses in filing its motion for costs and fees. See Ex. 2 (APP. 2).

## Conclusion

The grand total MBNA seeks is **$265,205.07**, including **$236,218.65** for fees spent to address the merits of Plaintiff's claims and **$28,986.42** for fees spent to file its motion for costs and fees. See Exs. 1 (APP. 1) and 2 (APP. 2).

Respectfully submitted,

*[signature]*

**HUGHES & LUCE, LLP**
Kim J. Askew, State Bar No. 01391550
David M. Ellis, State Bar No. 06561500
1717 Main Street, Suite 2800
Dallas, TX 75201
(214) 939-5579
(214) 939-5849 - Fax

**COVINGTON & BURLING**
Eric H. Holder, Jr.
Thomas S. Williamson, Jr.
Chad Tang
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 662-6000
(202) 662-6291 - Fax

March 19, 2004

**COUNSEL FOR DEFENDANT MBNA TECHNOLOGY, INC.**

---

[6] Specifically, the bill for MBNA in January 2004 was not finalized at the time MBNA filed its motion on January 15, 2004. In addition, MBNA spent time (1) reviewing Plaintiff's opposition filed on January 30, 2004, and (2) drafting its reply, which was filed on February 13, 2004. However, MBNA is not seeking fees for the time spent in drafting its Supplemental Fee Declarations in Support of Its Motion for Costs and Attorneys' Fees.

007458.00058:832630.02

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was served on Plaintiff's attorneys on March 19, 2004, as follows:

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED TO:**
Kevin B. Wiggins
Tracey R. Wallace
White & Wiggins
1999 Bryan Street, Suite 3470
Dallas, TX 75201

Sekou Gary
Debra Nolan
Gary, Williams, Parenti, Finney, Lewis,
McManus, Watson & Sperando
221 East Osceola Street
Stuart, FL 34994

Firoozeh Butler
6259 Cupertino Trail
Dallas, TX 75252

_____