IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIROOZEH H. BUTLER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-02-CV-1715-H |
| | § | |
| MBNA TECHNOLOGY, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Defendant MBNA Technology, Inc. has filed a motion to compel and for sanctions. At issue is plaintiff's failure to return all documents marked "confidential" as required by a Stipulation and Protective Order entered on September 2, 2003. That order provides, in pertinent part:

> After the final termination of these proceedings, the provisions hereof relating to the access and use of confidential documents shall continue to be binding on all persons entitled to access under the terms of this Stipulation and Protective Order, and within ninety (90) days of the final termination, the parties shall deliver to the party producing the documents all confidential documents and all copies whether in the parties [sic] possession or in the possession of their counsel or any experts or consultants retained by the party.

(Def. App., Exh. 1 at 3, ¶ 9). On November 10, 2004, after the judgment in favor of defendant was affirmed on direct appeal,[1] defendant formally demanded that plaintiff return all confidential documents in her possession. Defendant renewed its demand in two e-mails sent on April 5, 2005 and July 25, 2005, and in a letter dated April 19, 2005. (*See id.*, Exh. 2-4). Although plaintiff acknowledges that her former attorneys provided her with copies of confidential documents produced by defendant during discovery, she refuses to return the documents to opposing counsel.

---

[1] *Butler v. MBNA Technology, Inc.*, 111 Fed.Appx. 230, 2004 WL 2244203 (5th Cir. Sept. 24, 2004).

In her *pro se* response to the motion, plaintiff argues that some of the documents at issue were "incomplete, tampered, and fabricated," that she never saw the Stipulation and Protective Order or authorized her attorneys to sign the order on her behalf, and that her lawyers mishandled the case. None of these explanations excuse plaintiff's failure to comply with a court order. At the time the order was entered, plaintiff was represented by two law firms-- the Florida law firm of Gary Williams and the Dallas law firm of White & Wiggins.[2] Attorneys with both firms signed the Stipulation and Protective Order, which was approved by the presiding judge in this case. That order is binding on plaintiff and she must comply with the terms thereof.

Accordingly, defendant's motion to compel is granted. Plaintiff Firoozeh H. Butler shall return all documents in her possession marked "confidential" that were produced by defendant during this litigation. Such documents and any copies thereof shall be delivered to David M. Ellis at Hughes & Luce, LLP, 1717 Main Street, Suite 2800, Dallas, Texas 75201, no later than **August 30, 2005**. Defendant's motion for sanctions is denied. However, plaintiff is warned that sanctions will be imposed if she fails to comply with this order. The court also may enter an order holding plaintiff in contempt of court and punish her accordingly.

SO ORDERED.

DATED: August 16, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] On August 9 & 10, 2005, the Gary Williams firm returned all confidential documents in their possession to counsel for defendant.